**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1264
_____

JOSEPH EUGENE NAGY,
                                        Appellant

v.

SOCIAL SECURITY ADMINISTRATION;
ELIANA I. MCGRATH; ATTORNEY GENERAL TEXAS;
THE 382ND DISTRICT COURT OF ROCKWALL COUNTY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-16-cv-09559)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 11, 2017
Before:  MCKEE, JORDAN, and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 25, 2017)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

The appellant, Joseph Eugene Nagy, and his ex-wife, Eliana McGrath, are the parents of two minor children who are currently living with their mother in Rockwall County, Texas. In January 2017, Nagy—who resides in New Jersey—commenced this federal civil rights action in the United States District Court for the District of New Jersey claiming that, pursuant to a child support order issued by the Rockwall County Court, the Texas Attorney General was wrongfully garnishing two-thirds of his Social Security retirement benefits. In the complaint, which he later amended, Nagy named as defendants Eliana McGrath, the Rockwall County Court, the Office of the Attorney General of Texas, and the Social Security Administration (SSA). By way of relief, Nagy asked the District Court to restrain the defendants from garnishing any further funds, and requested compensatory and punitive damages.

The District Court dismissed the complaint for lack of jurisdiction on the grounds that: (1) the Office of the Attorney General and the Rockwall County Court were entitled to sovereign immunity under the Eleventh Amendment; and (2) Nagy's claims against his ex-wife and the SSA were barred under the "domestic-relations exception" to federal diversity jurisdiction. Nagy timely appealed from the District Court's order. The SSA now moves this Court for summary affirmance.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order dismissing the complaint for lack of subject matter jurisdiction. See PennMont Secs. v. Frucher, 586 F.3d 242, 245 (3d

Cir.2009). We may affirm the District Court's decision on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We will grant the SSA's motion to summarily affirm the District Court's order because this case presents no substantial question. See Third Cir. L.A.R. 27.4; I.O.P. 10.6. First, the District Court correctly concluded that Eleventh Amendment sovereign immunity deprived the District Court of jurisdiction to hear Nagy's suit against the Office of the Attorney General and the Rockwall County Court, which are state entities. See Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984). While a state may waive its Eleventh Amendment immunity, there is no suggestion that Texas has done so in this case. Second, the SSA could not be liable for honoring the County Court's writ of garnishment given that nothing in the record indicates that the order was not valid legal process. See United States v. Morton, 467 U.S. 822, 836 (1984) (holding that, under the statute granting the United States immunity from suit with respect to support payments, the government "cannot be held liable for honoring a writ of garnishment which is 'regular on its face' and has been issued by a court with subject-matter jurisdiction to issue such orders.").

Furthermore, because all of the allegations in Nagy's amended complaint challenge the terms of the Rockwall County Court child-support order—and the SSA's compliance with that order—his claims against McGrath are barred by the Rooker-

3

Feldman doctrine.[1]  See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615

F.3d 159, 166 (3d Cir. 2010) (holding that a federal court may not exercise jurisdiction

over cases brought by litigants who lost in state-court and are essentially inviting the

district court to overturn the state-court judgment).  Lastly, insofar as Nagy intended to

assert state-law tort claims against the defendants, the District Court could not exercise

supplemental jurisdiction over them via 28 U.S.C. § 1367 because all of Nagy's

constitutional claims were subject to dismissal.  See Hedges v. Musco, 204 F.3d 109, 123

(3d Cir. 2000).

Accordingly, we grant Appellee SSA's motion and will summarily affirm the

District Court's order.  See Third Cir. LAR 27.4 and I.O.P. 10.6.  Nagy's motion to

strike is denied.  To the extent that Appellee SSA asked the Court to stay the briefing

schedule pending resolution of its motion for summary action, the request is denied as

moot.

---

[1] Because we conclude that the Rooker-Feldman doctrine barred Nagy's claims against
McGrath, we do not address the District Court's application of the "domestic-relations
exception" below.